Louis S. Levy and Irma B. Levy v. Commissioner.
Levy v. Commissioner
Docket No. 108634.
United States Tax Court
1942 Tax Ct. Memo LEXIS 32; 1 T.C.M. (CCH) 226; T.C.M. (RIA) 41495; 12/17/1942
*32 I. Herman Sher, Esq., for the petitionews. P.J. Cavanaugh, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN Judge: A determination of deficiency of $7,913.91 in 1939 income tax resulted from the disallowance of a deduction of $14,484.20 lawyer's fees and expenses incurred in defending petitioner in a disbarment proceeding. The facts are stipulated. The return was filed in the second district of New York. Petitioner was disbarred, In re Levy, 30 Fed. Supp. 317. The expenditures in question and their deductibility are not distinguishable in principle from those considered in previous cases involving the deductibility under earlier statutes of the expense of defending in a criminal prosecution. See Burroughs Bldg. Material Co. v. Commissioner, 47 Fed. (2d) 178. Although not strictly a criminal prosecution, the disbarment proceeding may perhaps be called a quasi-criminal proceeding, and for present purposes is affected by the same considerations. See Note, 54 Harv. Law Rev. (Mar. 1941) p. 852. Deduction of Business Expenses: Illegality and Public Policy. The expenditure *33 is within neither the letter nor the intendment of Revenue Act of 1942, section 121. It was not an ordinary and necessary expense paid for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income. It was a personal expense, and the considerations of public policy set forth in Burroughs Bldg. Material Co., supra, are pertinent. See also Paysoff Tinkoff v. Commissioner, 120 Fed. (2d) 564. It is neither an ordinary and necessary expense of carrying on business under the prior statute nor related to income or property under the new. See the Report of the Ways & Means Committee, page 78; Report of the Finance Committee, page 88; T.D. 5196, amending Reg. 103 by adding Sec. 19.23 (a)-15. The deduction is not allowable and the deficiency is sustained. Decision will be entered for the respondent.